IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARY ELAINE FARLEY,

        Plaintiff,

v.                                     CIVIL ACTION NO.   2:13-cv-17090

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion for Summary Judgment [ECF 29] filed by Defendant, the United States of America (the "Government"). For the reasons set forth below, the Government's motion is **DENIED**.

*I. BACKGROUND*

On the apparently very wintry day of January 22, 2011, Plaintiff Mary Elaine Farley ("Plaintiff") fell in the parking lot of the United States Post Office in Mount Carbon, West Virginia. Plaintiff sustained injuries as a result of her fall.

Pursuant to the requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, Plaintiff first filed an administrative claim for her injuries with the United States Postal Service, which was denied on June 5, 2013. Plaintiff filed the instant lawsuit on July 3, 2013, alleging a single cause of action against the United States for negligence. Specifically, Plaintiff argues that the Post Office failed to use reasonable care in the maintenance of its

parking lot and failed to warn its customers of the hazardous nature of its parking lot.

On July 7, 2014, the Government filed the instant motion for summary judgment, arguing that Plaintiff's claim for negligence is factually unsupported. Plaintiff responded in opposition on July 21, 2014, and the Government replied on July 28, 2014. The motion is now ripe for the Court's review.

## *II. APPLICABLE LAW*

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### III. DISCUSSION

Plaintiff's sole cause of action against the United States is for negligence. Pursuant to the FTCA, the United States is liable in tort to the same extent as a private individual under the law of the place where the act or omission occurred. *See* 28 U.S.C. § 2674; *see also Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). In order to establish a negligence claim in West Virginia, Plaintiff is required to prove: (1) that the Government owed her a legal duty; (2) that the Government breached the duty; (3) that Plaintiff was injured; and (4) that the Government's negligence proximately caused the injury. *Neely v. Belk, Inc.*, 668 S.E.2d 189, 197 (W. Va. 2008) (citing *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939)).

The Government argues, first, that there is no genuine issue of material fact as to whether the Government breached any duty owed to Plaintiff and, second, that Plaintiff cannot show that her fall was caused by the Government's negligence.

The Government's first argument is without merit. Both parties acknowledge that

Plaintiff was a non-trespassing entrant on the Post Office premises and was thus entitled to a "duty of reasonable care under the circumstances." Syl. Pt. 4, *Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999). The Government argues that it was diligent in systematically attempting to clear the parking lot of ice and snow, because, during the period immediately preceding Plaintiff's fall, Post Office employees scraped the parking lot and thrice salted it. Therefore, the Government asserts, any duty to Plaintiff was fulfilled. For this conclusion the Government relies on cases elucidating the standard of care for snow and ice removal in Virginia. *See Sanderson v. Boddie-Noell Enters.,* 172 F. App'x 17 (4th Cir. 2006) ("Under Virginia law, scraping the snow soon after the storm and attempting thereafter to remove systematically the remaining spots of ice is all that ordinary care required to maintain the premises in a reasonably safe condition.") (internal quotation marks omitted); *Betterton v. United States*, 188 F.3d 501 (4th Cir. 1999) ("[T]here is no duty to insure that *all* snow and ice is removed, so long as a systematic effort is undertaken."). However, in West Virginia, "[w]hether the actions employed by the owner or possessor to remedy the hazard were reasonable is a question for the jury." Syl. Pt. 5, *Hersh v. E-T Enters.*, 752 S.E.2d. 336 (W. Va. 2013).

The Government's argument on causation is also without merit. There is no dispute that the premises of the Mount Carbon Post Office was very icy on the morning of Plaintiff's fall, and Plaintiff has testified that she slipped on ice which she saw after falling to the ground. Thus, Plaintiff has made a sufficient showing at this stage as to the cause of her fall. However, the Government argues that it is impossible to determine whether Plaintiff's fall was caused by the ice in the Post Office parking lot or instead by Plaintiff's Charcot Foot, a medical condition which can cause numbness in the foot, difficulty with walking, and frequent falling. By pointing

to evidence that may support an alternate theory as to the cause of Plaintiff's fall, the Government merely highlights the existence of a genuine issue of material fact as to the cause of Plaintiff's fall. In the Government's own words, Plaintiff's medical condition "raises serious questions about the cause of Plaintiff's fall." (ECF 30 at 8). Yet a reasonable jury, weighing the competing evidence, may find that Plaintiff's fall was caused by the ice in the parking lot. Thus, the issue of causation is one properly left to the trier of fact.

Accordingly, as the Government has failed to demonstrate the absence of a genuine issue of material fact that would entitle it to judgment as a matter of law, its motion for summary judgment on Plaintiff's negligence claim is **DENIED.**

## IV. CONCLUSION

For the reasons noted above, the Government's Motion for Summary Judgment [ECF 29] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 14, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE